26 CV 6877

RECEIVED
SDNY PRO SE OFFICE

2026 AUG 12 AM 10: 17

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Elyse Relford (Abigail E. Escalona),
Plaintiff,

v.

The Estate of Jeffrey E. Epstein,
Defendant. Karyna Shuliak

COMPLAINT

Plaintiff Elyse Relford, proceeding pro se, alleges as follows:

# I. Parties

1. Plaintiff Elyse Relford is an individual.
2. Defendant, the Estate of Jeffrey E. Epstein, is named as the defendant in this action.

# II. Jurisdiction and Venue

3. Plaintiff alleges that this Court has subject-matter jurisdiction under applicable federal law and any other applicable jurisdictional provisions.
4. Plaintiff alleges that venue is proper in this District because Plaintiff believes relevant events or parties are connected to this District.

# III. Factual Allegations

5. In or around 1988 the defendant and I were both employed at the U.S. CIA agency, in addition to my father and several other employees. My duties included occasional covert activities, and I had acquired great wealth through seniority from years of employment through contacts with and without my father. I began to take more precautions regarding my finances as my father became older in age, typically transferring my money to a trust

account while on covert assignments. Frequently, these assignments would require me to appear as a child.

6. The defendant took a liking to me beyond work related activities and developed an infatuation that led him to consider himself my father. While on a covert assignment in Florida the defendant gained access to my trust account and redistributed the money to several other individuals and faked my death
7. The defendant then considered himself to be my father on a long-term basis and decided that any monies or assets my father or myself had earned, he was entitled to. After gaining access to my accounts, I was consistently assigned to ORKIN contracts against my will, and my original identity was concealed. The defendant later assumed custody and transferred it 1996-1997.

## IV. Claims for Relief

**Count I – Fraud**

8. Plaintiff alleges that Defendant engaged in fraudulent conduct that caused Plaintiff financial injury.

**Count II – Negligence**

10. Plaintiff alleges that Defendant breached duties owed to Plaintiff, resulting in damages.

**Count III – Identity-Related Harm**

12. Plaintiff alleges that Defendant wrongfully interfered with Plaintiff's identity or identifying information, causing injury.

**Count IV – Intentional Infliction of Emotional Distress**

13. Plaintiff incorporates the preceding paragraphs.
14. Plaintiff alleges that Defendant's conduct caused severe emotional distress.

## V. Damages

15. Plaintiff alleges damages in the amount of $2,300,000, together with any additional compensatory, punitive, statutory, or equitable relief permitted by law.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor;

B. Award damages in the amount of $2,300,000 or such other amount as the evidence may establish;

C. Award costs and any other relief the Court deems just and proper; and

D. Grant any additional relief authorized by law.

Respectfully submitted,

Elyse Relford

Plaintiff, Pro Se

PLAINTIFF'S PRELIMINARY EVIDENCE LIST

1. **Exhibit A – Mortimer B. Zuckerman Trust Instrument (EFTA01111057.pdf)**
    a. Amendment and Restatement of the Mortimer B. Zuckerman trust.
    b. Contains provisions regarding trustees' authority, beneficiary distributions, Qualified Subchapter S Trusts, powers of appointment, trust administration, and disposition of trust property.
2. **Exhibit B – Amendment to Separation Agreement (EFTA01120720.pdf)**
    a. Letter dated July 2008 from Mortimer B. Zuckerman to Marla Prather.
    b. References inheritance provisions for their daughter, trust assets, trustee appointments, and ownership of certain real property.
3. **Exhibit C – 2007 Judah Investment Trust Financial Schedules (EFTA01146200.pdf)**
    a. Summary of 2007 annuity payments.
    b. Lists Judah Investment Trusts A-K, loan principal, accrued interest, net annuity payments, and related financial schedules.
4. **Exhibit D – 2007 Account Balances**
    a. Account balance schedules for Judah Investment Trusts and related investment accounts, including loan and transfer activity.
5. **Exhibit E – 2007 Cash Reconciliation**
    a. Ledger reflecting deposits, loans, transfers, interest, and year-end balances for 2007.
6. **Exhibit F – 2008 Annuity Payment Schedule**
    a. Schedule of projected annuity payments, income distributions, loan repayments, and trust obligations for 2008.
7. **Exhibit G – Loan Interest Calculations**

a. Detailed calculations of loan principal, repayment dates, accrued interest, and related trust transactions during 2008.

**8. Exhibit H - Net Annuity Payment Calculations**

a. Worksheets showing scheduled payments, income distributions, loan repayments, and net cash paid for 2008.

**9. Exhibit I - 2008 Cash Reconciliation**

a. Financial reconciliation records reflecting deposits, transfers, capital calls, and account balances during 2008.

**10. Exhibit J - Additional Documents**

a. Identification

b. New York location 1997

Original In Vault of Bingham McCutchen LLP
One Federal St.
Boston, MA. 02110

MORTIMER B. ZUCKERMAN
[redacted]
New York, New York 10021

July , 2008

Personal & Confidential

Ms. Marla Prather
[redacted]
New York, NY 10075

Dear Marla:

We are parties to a Separation Agreement dated November 30, 2000, that includes provisions for the inheritance of our daughter [redacted]. Section 5(F) of the Separation Agreement requires that I make provisions for [redacted] to receive the "Child's Amount," as defined in the Agreement. It also provides that, while both of us are living, we have the right, in our mutual and absolute discretion, to modify that provision in any way by an amendment to Section 5(F). This letter constitutes an amendment to Section 5(F) that sets out our current agreement regarding [redacted] inheritance.

We have agreed that Section 5(F) of the Separation Agreement will continue to apply, with the following modifications.:

> First, we have agreed that the "Child's Amount" determined under Section 5(F) will not exceed the sum of Two Hundred Million ($200,000,000) Dollars, reduced by the value as of the date of my death of any assets held for [redacted] benefit in The Mortimer B. Zuckerman 1983 Trust, The MBZ News 1992 Trust, and The MBZ 1996 Trust. The Child's Amount will also be reduced by the value as of the date of my death of any assets held for [redacted] benefit in any successor to any of those trusts or in any other trust established by me during my lifetime, that includes substantially similar provisions for [redacted] benefit. I have also executed irrevocable designations appointing you as a co-trustee of each of the existing trusts following my death and will execute a similar, irrevocable designation with respect to any additional trusts that are taken into account in determining the Child's Amount.
>
> Second, I have agreed to the following provisions that will apply to any property that I am using as my principal residence in New York City and to one other property that I am using as my summer vacation residence at the time of my death. To the extent I have not so provided during my lifetime, I will make provisions for the ownership of those properties to pass to or in trust for [redacted] at

my death, subject to any then-existing mortgages that are within the customary range of home mortgage arrangements. Those properties will be in addition to and not part of the Child's Amount and will not be taken into account in determining the limitation on the Child's Amount under the preceding paragraph.

The provisions in this letter and in Section 5(F) will continue to be subject to our right, in our mutual and absolute discretion, to modify or revoke such provisions by an amendment to Section 5(F).

Sincerely yours,

[redacted]

Mortimer B. Zuckerman

Acknowledged and agreed to this
7th day of October, 2008
2008.

[redacted]

Marla Prather

STATE OF NEW YORK )
)
COUNTY OF New York )

On this 7 day of October, 2008, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared MORTIMER B. ZUCKERMAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

[redacted]
Notary Public

My commission expires: 2/2/10

LAURIE HURST
Notary Public, State of New York
No. 01HU6002120
Qualified in Richmond County
Commission Expires Feb.2, 20 10

STATE OF New York )
)
COUNTY OF New York )

On this 7 day of October, 2008, before me, the undersigned, a Notary Public in and for the State of of New York, personally appeared MARLA PRATHER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual executed the instrument.

[redacted]
Notary Public

My commission expires: 2/2/10

LAURIE HURST
Notary Public, State of New York
No. 01HU6002120
Qualified in Richmond County
Commission Expires Feb.2, 20 10

**Summary of 2007 Annuity Payments**

| | Name of GRAT | | Annuity Payment Due | | Loan Principal Due | | Loan Interest Due | | Net Annuity Payments Due to Leon |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Judah Investment Trust A | | | | | | | | |
| 2 | Judah Investment Trust B | $ | 703,869.77 | | | | | $ | 703,869.77 |
| 3 | Judah Investment Trust C | $ | 1,829,070.02 | | | | | $ | 1,829,070.02 |
| 4 | Judah Investment Trust D | $ | 22,603,141.76 | $ | (20,000,000) | $ | (653,726) | $ | 1,949,415.73 |
| 5 | Judah Investment Trust E | $ | 112,520,025.88 | $ | (100,000,000) | $ | (2,198,630) | $ | 10,321,395.74 |
| 6 | Judah Investment Trust F | $ | 4,768,556.16 | | | | | $ | 4,768,556.16 |
| 7 | Judah Investment Trust G | $ | 43,124,415.21 | $ | (40,000,000) | $ | (416,274) | $ | 2,708,141.24 |
| 8 | Judah Investment Trust H | $ | 10,310,205.01 | $ | (5,000,000) | $ | (163,432) | $ | 5,146,773.50 |
| 9 | Judah Investment Trust I | $ | 48,973,473.82 | $ | (40,000,000) | $ | (112,863) | $ | 8,860,610.81 |
| 10 | Judah Investment Trust J | $ | 39,002,476.14 | $ | (25,000,000) | $ | (155,370) | $ | 14,747,106.27 |
| 11 | Judah Investment Trust K | $ | 5,222,185.76 | | | | | $ | 5,222,185.76 |
| | Total | $ | 289,947,419.53 | $ | (230,000,000) | | ($3,700,295) | $ | 56,247,125.01 |

**Summary of Loans Made to Leon Black in 2007**

| Lender Account | | Amount | | Accrued Interest Through 12/20/2007 | | Accrued Interest Plus Principal |
|---|---|---|---|---|---|---|
| LBF Holdings #1 Account | | | | | | |
| From Judah Trust D | $ | 20,000,000 | $ | 653,726 | $ | 20,653,726 |
| From Judah Trust E | $ | 100,000,000 | $ | 2,198,630 | $ | 102,198,630 |
| From Judah Trust G | $ | 40,000,000 | $ | 416,274 | $ | 40,416,274 |
| From Judah Trust H | $ | 5,000,000 | $ | 163,432 | $ | 5,163,432 |
| From Judah Trust I | $ | 40,000,000 | $ | 112,863 | $ | 40,112,863 |
| From Judah Trust J | $ | 25,000,000 | $ | 155,370 | $ | 25,155,370 |
| Total: | $ | 230,000,000 | $ | 3,700,295 | $ | 233,700,295 |

**Summary of Withdrawals by Leon Black in 2007**

| Account | | Amount | |
|---|---|---|---|
| Black Family Partners Account | $ | 25,000,000 | (personal capital) |
| Total: | $ | 25,000,000 | |

**Summary of Transfers to Leon Black in 2007**

| Account | | Amount | |
|---|---|---|---|
| LBF Holdings LLC #1 Account | $ | 230,000,000 | (loans) |
| LBF Holdings LLC #1 Account | $ | 56,247,125.01 | (annuities net of loan repayment) |
| Total Transfers | $ | 286,247,125 | |

**Total Amount Received by Leon Black in 2007** $ 311,247,125

Account Balances

**LBF Holdings #1 Account**

| | Initial Balance | Loan to Leon | Withdrawals | Net Annuity Payment | Balance | T |
|---|---|---|---|---|---|---|
| Judah Investment Trust A (AM III) | $ - | | | | | |
| Judah Investment Trust B (AM IV) | $ 536,109 | | | $ (703,870) | $ (167,670) | $ |
| Judah Investment Trust C (AM V) | $ 1,983,055 | | | $ (1,829,070) | $ 163,965 | $ |
| Judah Investment Trust D (AM VI) | $ 31,495,360 | $ (20,000,000) | | $ (1,949,416) | $ 9,545,944 | $ |
| Judah Investment Trust E (AIM) | $ 132,203,071 | $ (100,000,000) | | $ (10,321,396) | $ 21,881,675 | $ |
| Judah Investment Trust F (Value) | $ 9,432,703 | | | $ (4,758,556) | $ 4,674,147 | $ |
| Judah Investment Trust G (SVF) | $ 66,666,938 | $ (40,000,000) | | $ (2,708,141) | $ 23,950,797 | $ |
| Judah Investment Trust H (Asia) | $ 9,917,318 | $ (5,000,000) | | $ (5,146,774) | $ (229,456) | $ |
| Judah Investment Trust I (Europe) | $ 104,750,539 | $ (40,000,000) | | $ (8,860,811) | $ 55,889,929 | $ |
| Judah Investment Trust J (AAA) | $ 77,105,343 | $ (25,000,000) | | $ (14,747,106) | $ 37,358,237 | $ |
| Total: | $ 434,090,827 | $ (230,000,000) | $ - | $ (51,024,939) | $ 153,065,588 | $ |

**Black Family Partners, LP Account**

| | Initial Balance | Loan to Leon | Withdrawals | Net Annuity Payment | Transfer to LBF #1 | 1/ |
|---|---|---|---|---|---|---|
| LBF Holdings LLC | $ 317,557,008 | | | | $ (150,000,000) | $ |
| Judah Investment Trust K | $ 7,405,356 | | | $ (5,222,166) | | $ |
| Judah Investment Trust L | $ 8,985,213 | | | | | $ |
| Judah Investment Trust M | $ 21,920,775 | | | | | $ |
| Judah Investment Trust N | $ 18,297,487 | | | | | $ |
| Judah Investment Trust O | $ 20,073,814 | | | | | $ |
| Leon D. Black Investment Trusts A | $ 9,452,735 | | | | | $ |
| Black Family 1997 Trust | $ 9,077,804 | | | | | $ |
| 1992 trust for Joshua Max Black | $ 6,751,636 | | | | | $ |
| 1992 trust for Benjamin Eli Black | $ 6,751,636 | | | | | $ |
| 1992 trust for Alexander Samuel Black | $ 6,751,635 | | | | | $ |
| 1992 trust for Victoria Rachel Black | $ 6,751,635 | | | | | $ |
| 1988 trust for Joshua Max Black | $ 299,704 | | | | | $ |
| 1988 trust for Benjamin Eli Black | $ 299,704 | | | | | $ |
| 1988 trust for Alexander Samuel Black | $ 299,704 | | | | | $ |
| 1988 trust for Victoria Rachel Black | $ 299,704 | | | | | $ |
| Leon Black (individually) | $ 28,209,336 | | $ (25,000,000) | | | $ |
| Total: | $ 469,784,984 | | (525,000,000) | $ (5,222,166) | $ (150,000,000) | $ |

EFTA01146201

**CASH RECONCILIATION-2007**

| | BFP 5492 | BFP 0135 | | LBF#1 a/c 4548 | | LBF #2 a/c 4902 | |
|---|---|---|---|---|---|---|---|
| 7-Apr | | | | $ 431,696,805 | dep-Dividend | | |
| | | | | $ (50,000,000) | loan taken | | |
| | | | | $ (32,000,000) | KUE funded | | |
| | | | | $ 2,388,409 | addl Div 7/24 | | |
| | | | | $ 5,312 | addl Div | | |
| | | | | $ 12,200,000 | interest | | |
| | | $ 8,654,870 | July inc | | | | |
| 17-Jul | | $ (394,422) | check pd | | | $ 460,546,600 | strategic sale |
| | | $ 4,063,547 | Aug income | | | $ (100,000,000) | loan taken 8/14 |
| | | $ (982,881) | cap call | | | $ (20,000,000) | loan taken9/17 |
| | | $ (5,000,000) | loan taken 9/28 | | | $ (10,000,000) | PFPC funded |
| | | $ 1,346,261 | Oct inc | | | $ (5,000,000) | loan taken 11/6 |
| | | $ 2,313,366 | Nov inc | | | $ (20,000,000) | loan taken 11/5 |
| | | $ (713,514) | checks pd | | | $ (20,000,000) | loan taken 11/8 |
| | | $ (819,068) | check pd | | | $ (25,000,000) | cap WD 11/28 |
| | | $ 121,198 | Dec inc | | | $ (15,000,000) | loan taken 12/1 |
| | | | | | | $ (900,000) | HAO Cap funde |
| | | | | | | $ (2,000,000) | ICrete funded |
| | | | | $ (56,247,125) | DecGRAT pay | $ (50,000,000) | LonePine funde |
| | | | | | | $ 7,500,000 | interest |
| 12/31/2007 | | $ 8,541,514 | balance | $ 308,718,330 | balance | $ 200,457,582 | balance |

EFTA01146202

**CASH RECONCILIATION-2008 DETAIL**

| | BFP 5492/4386 | | BFP 0135 | | LBF#1 acct 4848/8049 | | LBF #2 acct 4902/8403 | |
|---|---|---|---|---|---|---|---|---|
| 31-Dec | $ - | | $ 8,541,514 | | $ 308,718,330 | w/acc inc | $ 200,457,582 | |
| | $ 12,185,856 | dep from1101420 | $ 3,000,000 | trans from 5492 | | | | |
| | $ 7,606,812 | from APH | $ 1,019,013 | inc CoInc IV | | | | |
| | $ (1,874,988) | cap call | $ (10,027,129) | cap calls | | | | |
| | $ (3,000,000) | trans to 0135 | | | | | | |
| 31-Jan | $ 14,949,107 | | $ 2,646,771 | | $ 309,240,323 | | $ 200,820,793 | |
| | $ 3,826,220 | trans fr 0135 inc | $ (677,398) | cap call | | | | |
| | | | $ 69,862,060 | inc ApolloV&CoInv | | | | |
| 28-Feb | $ 18,815,313 | | $ 71,660,499 | | $ 310,142,498 | | $ 201,384,507 | |
| | $ 2,441,714 | 1Q bfp int inc | $ (513,561) | cap call | $ 3,254,205 | 1Q LBF int inc | | |
| 31-Mar | $ 18,814,446 | | $ 71,314,187 | | $ 310,990,018 | | $ 201,956,205 | |
| | $ 51,850,564 | tran from LBF#2 | $ (66,984,802) | tran to BFP5492 | $ (75,150,000) | Credit Opp | $ (150,000,000) | taxes |
| | $ 66,984,802 | tran from BFP 0135 | $ 30,879,084 | AGM Div | | | $ (51,850,564) | tran to BFP |
| | $ (20,000,000) | Loan taken | $ (4,349,385) | misc cap calls | | | | |
| | $ (1,203,517) | coinvest cap call | | | | | | |
| | $ 1,814,079 | coinvest income | | | | | | |
| 4/30/2008 | $ 116,380,364 | | $ 31,927,257 | | $ 236,747,451 | | $ 2,753 | |
| | | | | | $ (9,992,240) | AINV buy | | |
| 5/31/2008 | $ 116,531,984 | | $ 31,273,126 | | $ 227,226,149 | | $ 23,714 | |
| | $ (22,664,000) | GRAT payment | $ 2,084,903 | Coinvest Inc | | | | |
| | | | $ (15,268,821) | GRAT payment | | | | |
| 30-Jun | $ 94,272,106 | | $ 18,104,776 | | $ 227,224,510 | | $ 23,752 | |
| | $ 22,109,040 | AGM Div | $ 6,306,659 | various income | | | | |
| | $ (10,000,000) | loan taken | | | | | | |
| 7/31/2008 | $ 106,530,276 | | $ 24,411,436 | | $ 227,666,648 | | $ 22,128 | |
| | | | $ (1,203,517) | coinvest cap call | $ (10,000,000) | Leon 8/7 | $ (22,127) | tran to BFP |
| | | | $ 1,955,762 | coinvest income | $ (10,000,000) | Leon 8/29 | | |
| | | | | | $ (7,114,069) | Credit Opp | | |
| | | | | | $ 4,001,054 | Credit Opp Ret | | |
| 8/31/2008 | $ 106,710,130 | | $ 25,212,058 | | $ 204,907,861 | | $ 1 | |
| | $ (32,000,000) | tran to 0135 | $ 32,000,000 | | $ (60,000,000) | to Strat dep a/c | $ 60,000,000 | newLBF#621 |
| | | | $ (20,000,000) | loan taken-taxes | | | | |
| | | | $ (1,980,560) | coinvest cap calls | | | | |
| 30-Sep | $ 74,894,413 | | $ 34,230,734 | | $ 145,271,763 | | $ 60,029,672 | |
| | $ (25,000,000) | trans to 0135 | $ 25,000,000 | trans from 5492 | $ (60,000,000) | trans to 0218 | $ 50,000,000 | transfr 8049 |
| | | | $ (3,145,152) | cap calls | | | | |
| | | | $ 1,892,814 | coinv income | $ (10,000,000) | Leon 10/08 | $ (2,396,762) | COF Cap call |
| 31-Oct | $ 49,929,585 | | $ 58,104,235 | | $ 85,380,623 | | $ 107,852,446 | |
| 30-Nov | $ 49,943,026 | | $ 58,182,533 | | $ 85,421,307 | | $ 107,997,782 | |
| | $ (3,878,323) | cap calls | | | $ (17,906,833) | COF Cap call | | |
| | $ (20,135,706) | trans to LBF | | | $ 20,135,706 | trans in fr BFP | | |
| | $ 5,526,547 | Div | | | $ (25,000,000) | Addl COF Call | $ 6,797,321 | trans fr BFP |
| | $ 1,324,316 | TRA | $ (6,797,321) | trans fr LBF#adj | $ (62,665,162) | GRAT Pay | $ (114,796,102) | GRAT Pay |
| 12/31/2008 | $ 32,803,089 | | $ 61,416,766 | | $ 42,991 | | $ 76,185 | |

EFTA01146206

| Summary of 2008 Annuity Payments | | Net Annuity Payments | | |
|---|---|---|---|---|
| Name of GRAT | Annuity Payment Du | Income taken | Due to Leon | Loan prin due |
| 1 Judah Investment Trust A | $ - | | | |
| 2 Judah Investment Trust B | $ 844,644 | $ (122,026) | $ 722,618 | |
| 3 Judah Investment Trust C | $ 2,194,884 | $ (451,300) | $ 1,743,584 | |
| 4 Judah Investment Trust D | $ 27,123,770 | $ (7,167,637) | $ 19,956,133 | |
| 5 Judah Investment Trust E | $ 135,024,031 | $ (30,086,454) | $ 104,937,577 | $ 10,000,000 |
| 6 Judah Investment Trust F | $ 5,710,267 | $ (2,146,672) | $ 3,563,595 | |
| 7 Judah Investment Trust G | $ 51,749,298 | $ (15,171,899) | $ 36,577,399 | |
| 8 Judah Investment Trust H | $ 12,372,246 | $ (2,256,959) | $ 10,115,287 | |
| 9 Judah Investment Trust I | $ 58,768,169 | $ (23,838,873) | $ 34,929,296 | |
| 10 Judah Investment Trust J | $ 47,882,971 | $ (17,547,447) | $ 30,335,524 | |
| 11 Judah Investment Trust K | $ 6,266,663 | | $ 6,266,663 | |
| | $ 347,936,943 | $ (98,789,267) | $ 249,147,676 | $ 10,000,000 |
| | | | | |
| LBF Holdings | | | | $ 110,000,000 |
| 12 Judah Investment Trust L | $ 11,190,156 | 0 | $ 11,190,156 | $ 8,000,000 |
| 13 Judah Investment Trust M | $ 29,041,930 | 0 | $ 29,041,930 | $ 21,000,000 |
| 14 Judah Investment Trust N | $ 60,058,911 | 0 | $ 60,058,911 | $ 18,000,000 |
| 15 Judah Investment Trust O | $ - | 0 | $ - | $ 25,000,000 |
| Leon D Black Investment Tr A | | | | $ 9,000,000 |
| Black Family 1997 Trust | $ - | | $ - | $ 9,000,000 |
| | $ 100,290,997 | | $ 100,290,997 | $ 200,000,000 |
| | | | | |
| Total payments scheduled | $ 448,227,940 | | $ 349,438,673 | $ 210,000,000 |

Page 1 (cont'd below)

EFTA01146203

**Calculation of Loan Interest**

| Date of loa | Original | Outstand repay 6/5/08 | GRAT | Rate | Days out | Int due |
|---|---|---|---|---|---|---|
| | **Repayments on June4,2008:** | | | | | |
| 4/17/2008 | $ 20,000,000 | $ 20,000,000 | Judah M | 5.35% | 48 | $ 140,712 |
| 4/10/2008 | $ 1,000,000 | $ 1,000,000 | Judah M | 5.35% | 55 | $ 8,062 |
| 4/10/2008 | $ 18,000,000 | $ 18,000,000 | Judah Tr N | 5.35% | 55 | $ 145,110 |
| 4/10/2008 | $ 8,000,000 | $ 8,000,000 | Judah Tr L | 5.35% | 55 | $ 64,493 |
| 4/10/2008 | $ 13,000,000 | $ 13,000,000 | Judah Tr O | 5.35% | 55 | $ 104,801 |
| 4/10/2008 | $ 110,000,000 | $ 80,000,000 | LBF | 5.35% | 55 | $ 644,932 |
| | $ 170,000,000 | $ 140,000,000 | | | | $ 1,108,110 |
| | **Repayments on Dec 20, 2008** | | | | | |
| 4/10 Bal | $ 30,000,000 | $ 30,000,000 | LBF | 5.35% | 254 | $ 1,116,920 |
| | New loans | | | | | |
| 7/21/2008 | $ 10,000,000 | $ 10,000,000 | Judah Tr O | 0 | 152 | $222,794 |
| 9/12/2008 | $ 20,000,000 | $ 20,000,000 | see below | | | |
| | | $ 2,000,000 | Judah Tr O | 5.35% | 99 | $ 29,022 |
| | | $ 9,000,000 | Inv Tr A | 5.35% | 99 | $ 130,598 |
| | | $ 9,000,000 | 97 Trust | 5.35% | 99 | $ 130,598 |
| 10/08/208 | $ 10,000,000 | $ 10,000,000 | Judah Tr E | 5.35% | 73 | $ 107,000 |
| | $ 40,000,000 | $ 40,000,000 | | | | $ 2,845,042 |
| | **Total Loans** | | | | | |
| | $ 210,000,000 | $ 210,000,000 | | | | $ 2,845,042 |

**Calculation of Net Annuity Payment**

| Grat | Due | | Scheduled payment | | Less Income Distributed | | Net payment due before loan repay |
|---|---|---|---|---|---|---|---|
| Judah Tr L | 6/5/2008 | $ | 11,190,156 | $ | - | | |
| Judah Tr M | 6/5/2008 | $ | 29,041,931 | $ | - | | |
| Judah Tr N | 6/5/2008 | $ | 60,058,911 | $ | - | | |
| | | $ | 100,290,998 | $ | - | $ | 100,290,998 |

| 6/5/08 Payments | | | |
|---|---|---|---|
| **Grat Pay due** | $ | **100,290,998** | |
| **Income due Leon*** | $ | **78,789,268** | |
| **Loan repayment**** | $ | **(141,147,645)** | |
| | $ | **37,932,621** | **net cash paid to Leon** |

| *Included in Income: | | | |
|---|---|---|---|
| 1Q BFP Inc | $ | 6,792,264 | |
| 1Q LBF Inv Inc | $ | 3,254,205 | |
| BFP Inc - Apr&May | $ | 21,518,906 | (=$20,873,087+$645,819) |
| | $ | 31,565,375 | |

**see Loan Int Tab

All of the above was calculated 6/4/08 before 6/5/08 Grat payment

| Grat | Due | | Scheduled Payment | | Less Inc dist*** | | Net Payment due before loan repay |
|---|---|---|---|---|---|---|---|
| Judah Inv Tr A | 12/20/2008 | | | | | $ | - |
| Judah Inv Tr B | 12/20/2008 | $ | 844,644 | $ | (122,026) | $ | 722,618 |
| Judah Inv Tr C | 12/20/2008 | $ | 2,194,884 | $ | (451,300) | $ | 1,743,584 |
| Judah Inv Tr D | 12/20/2008 | $ | 27,123,770 | $ | (7,167,637) | $ | 19,956,133 |
| Judah Inv Tr E | 12/20/2008 | $ | 135,024,031 | $ | (30,086,454) | $ | 104,937,577 |
| Judah Inv Tr F | 12/20/2008 | $ | 5,710,267 | $ | (2,146,672) | $ | 3,563,595 |
| Judah Inv Tr G | 12/20/2008 | $ | 51,749,298 | $ | (15,171,899) | $ | 36,577,399 |
| Judah Inv Tr H | 12/20/2008 | $ | 12,372,246 | $ | (2,256,959) | $ | 10,115,287 |
| Judah Inv Tr I | 12/20/2008 | $ | 58,768,168 | $ | (23,838,873) | $ | 34,929,295 |
| Judah Inv Tr J | 12/20/2008 | $ | 47,882,971 | $ | (17,547,447) | $ | 30,335,524 |
| Judah Inv Tr K | 12/20/2008 | $ | 6,266,663 | $ | - | $ | 6,266,663 |
| | | $ | 347,936,942 | $ | (98,789,267) | $ | 249,147,675 |

*** $78,789,267 dist 6/5 + $20,000,000 dist Aug '08

| 12/20/08 Payments | | | |
|---|---|---|---|
| **Grat payment due** | | **$347,936,942** | |
| **Income already dist** | | **$98,789,267** | |
| **Net Grat payment due** | $ | **249,147,675** | |
| **Loan repayment to Judah Tr E** | $ | **(10,107,000)** | |
| **Grat payment due from LBF** | $ | **232,773,999** | |
| **Grat payment due from BFP** | $ | **6,266,663** | |
| **Loan repayments w/interest**** | $ | **(61,590,397)** | |
| | $ | **177,450,265** | **net cash paid to Leon** |

**Attorney Work Product**
**Privileged and Confidential**

## Weil, Gotshal & Manges LLP
## MEMORANDUM

May 5, 2008

| | | | |
|---|---|---|---|
| **To:** | Leon Black<br>John Suydam | **cc:** | Tom Turrin |
| **From:** | Carlyn McCaffrey<br>Elyse Kirschner | | |
| **Re:** | December 2008 Annuity Payments from 2006 GRATs | | |

By December 20, 2008, the trustees of each of the eleven (11) grantor retained annuity trusts ("GRATs") Leon established on December 21, 2006 are required to make an annuity payment to Leon. Based on the appraisals of the assets Leon transferred to the GRATs prepared by Empire Valuation Consultants and Ernst & Young, the 2007 annuity payments from the GRATs are as follows:

| | |
|---|---|
| Judah Investment Trust A: | $ 273,616.98 — ? |
| Judah Investment Trust B: | $ 844,643.72 |
| Judah Investment Trust C: | $ 2,194,884.03 |
| Judah Investment Trust D: | $ 27,123,770.12 |
| Judah Investment Trust E: | $135,024,031.06 |
| Judah Investment Trust F: | $ 5,710,267.39 |
| Judah Investment Trust G: | $ 51,749,298.25 |
| Judah Investment Trust H: | $ 12,372,246.02 |
| Judah Investment Trust I: | $ 58,768,168.58 |
| Judah Investment Trust J: | $ 47,882,971.37 |

NY1A1535954\01\XCKY01!.DOC\26504.0001

| | | |
|---|---|---|
| Judah Investment Trust K: | $ 6,266,662.91[1] | |
| TOTAL: | $348,210,520.41 | 347,936,942 |

Please note that by December 20, 2008 each GRAT should have distributed to Leon an aggregate amount of assets equal to the amount of its required annuity payment. If a GRAT distributed to Leon the operating profits earned by the Apollo interests held in the GRAT during the course of the year, the annuity amount payable to Leon on December 20th should be reduced by the amount of such operating profits he received during the year. Once the GRATs have made their final 2008 payments, the assets remaining in the GRATs should be distributed to the Black 2006 Family Trust.

If you have any questions, please call Carlyn at (212) 310-8136 or Elyse at (212) 310-8665.

* * * * *

As part of its effort to curb tax shelters, the Internal Revenue Service recently issued regulations that impose sanctions on attorneys who provide informal written tax advice without prominently disclosing that the advice cannot be relied upon by the taxpayer for the purpose of avoiding penalties. Because this memorandum contains a discussion of tax issues that we do not believe warrants the significant additional time or expense that would be involved in the preparation of a formal opinion that complies with the IRS rules, we include the relevant IRS disclosure, below. If you would like us to prepare a formal tax opinion on which you may rely for penalty relief, please let us know, and we can discuss the cost of preparing one.

* * * * *

***IRS Circular 230 Notice***: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. For more information about this notice, see http://www.weil.com/circular230/article.html

* * * * *

[1] This figure may be subject to change based on the revised appraisal we are expecting from Ernst & Young.

BLACKROCK®

## Mortimer Zuckerman and Affiliated Entities
### Co-Investment Capital Activity Summary
### As of June 4, 2013

***The definitions and disclosures appearing on the important information tab of this document are an integral part of this Capital Activity Summary and should be read in their entirety for a complete understanding of the information contained herein.***

| | |
|---|---|
| **Exposure Threshold** | $115,000,000 |
| **Net Drawdowns** | $73,995,074 |
| **Remaining Investment Capacity** | $41,004,926 |

| | Subscriptions | Distributions | Net Drawdowns |
|---|---|---|---|
| [illegible] | | | |
| MBZ 1996 Trust U/A DTD 1/1/96 (Exempt) | $ 14,829,035 | $ 14,093,451 | $ 736,584 |
| MBZ 1996 Trust U/A DTD. 1/1/96 (N/E) | 19,775,764 | 18,704,801 | 980,903 |
| MBZ Charitable Remainder Unitrust U /A /D 11/23/00 | 54,461,938 | 51,105,534 | 3,356,404 |
| MBZ Family Trust U/A DTD. 12/21/83 | 4,154,806 | 3,948,709 | 206,097 |
| USN College Marketing Inc | 10,283,843 | 9,773,721 | 510,122 |
| Mortimer B. Zuckerman | 6,725,769 | 6,392,141 | 333,628 |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | | | |
| MBZ 1996 Trust U/A DTD. 1/1/96 (Exempt) | $ 11,628,205 | $ 7,367,709 | $ 4,260,496 |
| MBZ 1996 Trust U/A DTD. 1/1/96 (N/E) | 11,628,205 | 7,367,709 | 4,260,496 |
| MBZ Charitable Remainder Unitrust U /A /D 11/23/00 | 14,363,055 | 12,727,621 | 1,635,434 |
| MBZ Family Trust U/A DTD. 12/21/83 | 3,876,066 | 2,455,902 | 1,420,164 |
| USN College Marketing Inc. | 11,628,205 | 7,367,709 | 4,260,496 |
| Mortimer B. Zuckerman | 19,380,343 | 12,279,516 | 7,100,827 |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | | | |
| MBZ 1996 Trust U/A DTD. 1/1/96 (Exempt) | $ 7,138,856 | $ 414,069 | $ 6,724,787 |
| MBZ 1996 Trust U/A DTD. 1/1/96 (N/E) | 9,518,471 | 552,091 | 8,966,380 |
| MBZ Charitable Remainder Unitrust U /A /D 11/23/00 | 11,628,147 | 317,713 | 11,310,434 |
| MBZ Family Trust U/A DTD. 12/21/83 | 2,379,618 | 138,023 | 2,241,595 |
| USN College Marketing Inc. | 7,138,856 | 414,069 | 6,724,787 |
| Mortimer B. Zuckerman | 9,518,471 | 552,091 | 8,966,380 |
| [illegible] | [illegible] | [illegible] | [illegible] |
| **Total Capital Activity** | $ 230,057,653 | $ 156,062,579 | $ 73,995,074 |

[1] As all transfers in OCF I were between related parties, the capital activity for each investor detailed includes previous capital activity for the investors from which they received their transferred interest.

**From:** Ada Clapp <[redacted]>
**To:** "jeevacation@gmail.com" <jeevacation@gmail.com>
**CC:** Eileen Alexanderson <[redacted]>, Richard Joslin <[redacted]>, Richard [redacted] <[redacted]>
**Subject:** Picasso
**Date:** Tue, 28 Jan 2014 17:49:21 +0000

---

Hi Jeffrey—I don't think there is any issue with the Picasso *"Deux Femmes, hiver" (a/k/a "Deux Femmes")* being sold.

The paralegal was a little confused. It appears that it was Picasso's *"Les Deux Femmes" (a/k/a "Two Reclining Women") that was sold as, according to Diana, it is* no longer in Leon's collection. "Deux Femmes, hiver" should not be on the Narrows Art list as it was purchased by one of the family trusts. The invoice is a little vague however and we are still confirming which Trust purchased it. We believe it was the 1992 Trust so that the painting is now owned by the LDB 2011 LLC.

Nice seeing you today.

**Ada Clapp**
Elysium Management LLC
445 Park Avenue
Suite 1401
New York, New York 10022
Direct Dial: 646-589-0303
Fax: 646-589-0330
Email: [redacted]

**IRS Circular 230 Disclosure:** Pursuant to IRS regulations, I inform you that any tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, by any person or entity for the purposes of (i) avoiding tax related penalties imposed by any governmental tax authority, or (ii) proposing, marketing or recommending to another party any transaction or matter discussed herein. I advise you to consult with an independent tax advisor on your particular tax circumstances.

**This communication and any attachment is for the intended recipient(s) only and may contain information that is privileged, confidential and/or proprietary.** If you are not the intended recipient, you are hereby notified that further dissemination of this communication and its attachments is prohibited. Please delete all copies of this communication and its attachments and notify me immediately that you have received them in error. Thank you.

EFTA00982438

justice.gov

**From:** Richard Joslin <[redacted]>
**To:** Jeffrey Epstein <jeevacation@gmail.com>
**Subject:** FW: Report from LDB 2011 LLC
**Date:** Fri, 07 Mar 2014 21:34:52 +0000
**Attachments:** Report_from_LDB_2011_LLC.xlsx; doc004090201403071510 44.pdf; Report_from_LDB_2011_LLC.XLSX

---

An ongoing forensic review of the financial statements (books and records) to determine what was paid and by whom.

I send so that you can get a gist of the questions. In the attached adobe is a report from 2002 from Tom for the children's trusts – but the records today fo not match. Hopefully he will have some memory/answers. I am going over there tmo AM

If you don't mind me sending, I will send other emails individually.

---

**From:** Richard Joslin
**Sent:** Friday, March 07, 2014 3:41 PM
**To:** Abel Goce; 'Thomas Turrin'
**Subject:** Report from LDB 2011 LLC

I see the GAUGUIN – Femme Tahitienne purchased in 2001 for $3MM and I see sales tax returns showing $750K x 4 for each trust

When I look at the report dated from 2002 - the cost of the Gauguin is $1,546,140?

Quickbooks has an account : 200-004 · P Gauguin "Femme Tahitienne" and the detail show 1 amount of $350,338, 3 amounts of $363,306 and 4 amounts of $386,535. The account name is different than the split detail which show 200-024 · Antoine "Study Seated Women" and 200-002 · G. Suerat "Le Chien Noir". This detail painting info is wrong but no matter.

I need you to answer this question: What was the expenditure for the Gauguin painting.

If there are files in your office for the 1992 trust or 1988 trust for early years, let me know, I can I come by Monday to research

I have meeting with Leon next week and I need this answered in short order

Do you have electronic files for the 1992 Children's Trusts

**From:** Richard Joslin <[redacted]>
**To:** Jeffrey Epstein <jeevacation@gmail.com>
**Subject:** FW: Blake
**Date:** Fri, 07 Mar 2014 21:35:06 +0000
**Attachments:** doc00409420140307154450.pdf

---

**From:** Richard Joslin
**Sent:** Friday, March 07, 2014 3:55 PM
**To:** Abel Goce; 'Thomas Turrin'
**Subject:** Blake

Blake - Parable of the Wise and Foolish Virgins

I am not sure which entity purchased this or if it was in fact purchased by Leon.

Based on the documents I am lead to believe it was a 1992 Childrens Trust. However this work is not showing up on LDB 2011 LLC financials. It may have been booked improperly on your end? It may have been purchased by another trust?

I need to get an answer on this - f there are files in your office for the 1992 trust or 1988 trust for early years, let me know, I can I come by Monday to research

I have meeting with Leon next week and I need this answered in short order


IDENT-A-KID
SERVICES OF AMERICA
UPDATE ANNUALLY
Elyse Relford
ISSUE 11/22/02
DOB 02/03/92
HT 51
WT 65
EYES Br
HAIR Bk
[redacted]
Lexington, KY 40504

Elyse Relford
142 Scroggins Park
Georgetown, Ky 40324

LOUISVILLE
WED 05 AUG

Pro Se (ko)

U.S. District Court (SDNY)
500 Pearl Street
New York, NY 10007